IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ITPE PENSION FUND and ITPE            )
HEALTH AND WELFARE FUND,
                                      )
        PLAINTIFFS,
                                      )
VS.                                         CV-01-H-381-NE
                                      )
ROGER HALL and HOPE HALL,
                                      )
        DEFENDANTS.
                                      )

**ENTERED**

**APR 1 5 2002**

## MEMORANDUM OF DECISION

Plaintiff Funds are multi-employer jointly administered employee welfare benefit and employee pension plans created to receive contributions from employers, including H&R Services, Inc., a government contractor in the business of providing management and labor to operate dining facilities at various military installations.  Defendant Roger Hall is general manager of H&R and defendant Hope Hall is the president of H&R.  H&R is a party to collective bargaining agreements with the Industrial, Technical and Professional Employees Union, AFL-CIO at various locations where military installations serviced by H&R are located.  Plaintiff Funds seek to hold defendants personally liable for unpaid contributions by H&R to the plaintiff Funds required by the collective bargaining agreements to be contributed to plaintiff Funds.  At all relevant times defendants

Roger Hall and Hope Hall have acted in their respective capacities as general manager and president of H&R.  In seeking to hold them also acting as fiduciaries of plaintiff Funds, plaintiffs claim that at all relevant times defendants were fiduciaries because they exercised discretionary control or authority over assets of plaintiff Funds.  29 U.S.C. § 1002(21)(A).

The court has before it the September 26, 2001 motion of defendants for summary judgment in their favor.  Pursuant to the January 11, 2002 order, the court's consideration of that motion at this time is limited to "whether unpaid contributions due and owing by H&R Services to the plaintiff Funds are 'assets' for purposes of ERISA."  (Plaintiffs' brief, p.6).[1]  The court has reviewed the evidence and briefs from the parties addressing that issue which is a part of the motion for summary judgment now under submission.

While the separate agreements and declarations of trust which establish plaintiff Funds contain numerous definitions, neither of the documents define "assets."  Both documents, however, have a section that must be viewed as describing the assets of the particular fund.  Section 2.01 of the Pension Fund provides:

> 2.01.  <u>Establishment of Fund</u>.  The Union and Employers
> hereby create and establish with the Trustees a Trust
> to be known as the ITPE Pension Fund which shall be

---

[1]  The January 11, 2002 order more generally stated the issue.  Plaintiffs correctly and more appropriately state the issue in terms of this case in their brief.

comprised of all monies received and held by the
Trustees from employer contributions pursuant to
collective bargaining agreement, all income from
investments made and held by the Trustees, or
otherwise, or any other property received and held or
receivable by the Trustees for the uses and purposes
set forth in this Agreement and Declaration of Trust.

Section 1.02 of the Welfare Fund provides:

1.02.  HEALTH AND WELFARE FUND.  The terms "Health and
Welfare Fund" or "Fund" shall mean all property of
every kind held or acquired under the provisions of
this instrument.

Clearly the Welfare Fund requires money to be "held or acquired"
before the money becomes an asset of the Welfare Fund.  Money
that is merely due or owing or receivable is not an asset of the
Welfare Fund.   Although not quite as clear, viewing Section 2.01
in its entirety, the court is satisfied that monies representing
contributions to the Pension Fund pursuant to a collective
bargaining agreement must be "received and held" by the Trustees
of the Pension Fund before such monies become an asset of the
Pension Fund.  While certain "receivables" also may be assets of
the Pension Fund, Section 2.01 does not establish that a monetary
contribution pursuant to a collective bargaining agreement which
is simply due or owing or "receivable" is an asset of that fund;
that money must be "received and held" to be an asset of the
Pension Fund.  Since the unpaid contributions due and owing by
H&R to plaintiff Funds were not assets of plaintiff Funds,
defendants were not fiduciaries under 29 U.S.C. § 1002(21)(A),
and they are not personally liable for unpaid contributions by
H&R to plaintiff Funds.

3

There is no dispute of any material fact relevant to the court's conclusion that unpaid contributions owing by H&R to plaintiff Funds are not assets of plaintiff Funds until the contributions are actually paid to plaintiff Funds. Accordingly, the failure of defendants to utilize corporate funds to make those contributions to plaintiff Funds does not result in them being personally exposed to liability for delinquent contributions.[2]

A separate final judgment in favor of defendants will be entered.

DONE this ___15th___ day of April, 2002.

_James H. Hancock_
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Defendants rely heavily upon Local Union 2134, United Mine Workers of America v. Powhatan Fuel, Inc., 828 F.2d 710, 714 (11th Cir. 1987). Certain aspects of Powhatan are certainly helpful to defendants, but that case does not contain the language of the health insurance plan there involved. Consequently Powhatan provides no guidance to the court in construing the wording of the plaintiff Funds.